**In re L–K MOTELS, INC., dba Lodge Keepers, Debtor.**

**In re INTEGRATED MOTEL MANAGEMENT SERVICES, INC.,**

**and**

**Myriad Development Company,**

**and**

**I.M. Services, Inc.**

**and**

**L–K Restaurants and Motels, Inc., Debtors.**

**Bankruptcy Nos. 2–91–02933, 2–91–02929, 2–91–02927, 2–91–02928 and 2–91–02931.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 27, 1992.

David M. Whittaker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for debtor.

E. James Hopple, Schottenstein, Zox & Dunn, Columbus, Ohio, for the Official Unsecured Creditors' Committee.

Larry J. McClatchey, Gregory D. May, Emens, Hurd, Kegler & Ritter, Columbus, Ohio, for Ameritrust Company, N.A.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER OVERRULING OBJECTION TO SETTLEMENT OF APPROPRIATION PROCEEDING

BARBARA J. SELLERS, Bankruptcy Judge.

The issue before the Court is the right of a mortgagee of a leasehold interest in real property to payment of proceeds from an appropriation proceeding initiated by a city under its powers of eminent domain. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and jurisdiction of the Court in this contested matter is premised upon 28 U.S.C. § 1334.

L–K Motels, Inc. ("L–K"), one of the debtors in these jointly administered Chapter 11 cases, was formerly the lessee of real property located in Worthington, Ohio upon which a motel had been constructed. That leasehold interest has since been assigned to a third party.

On June 29, 1990 the city of Worthington initiated an action in the Common Pleas Court of Franklin County seeking to appropriate for city use a portion of the property in which L–K had its leasehold interest. During the course of that proceeding it was determined that a payment to L–K in the amount of $7,066.25 would fairly compensate it for the portion of its leasehold interest taken by the city. This Court authorized L–K to settle the appropriation proceeding in exchange for the $7,066.25, but ordered the payment to be held pending resolution of this dispute between Ameritrust Company, N.A. ("Ameritrust"), the holder of a mortgage against L–K's leasehold interest, and the Official Committee of Unsecured Creditors ("Committee").

L–K proposes to pay its entire award of $7,066.25 to Ameritrust to reduce the principal owed to it on account of one or more mortgages Ameritrust holds against this leasehold interest. The Committee objects to that payment.

The grounds asserted by the Committee for its objection are that Ameritrust's mortgages do not give it a lien against appropriation proceeds or, in the alternative, if such lien exists, L–K may use the proceeds by virtue of its cash collateral order with Ameritrust. Finally, the Committee alleges that L–K's assumption and assignment of this leasehold interest to a third party during this Chapter 11 case required Ameritrust to release this mortgage. Therefore, argues the Committee, Ameritrust cannot assert a claim to any proceeds arising from rights under that mortgage, whether or not such release has actually been effectuated.

After review of applicable state and federal law and the documentary evidence submitted by the parties, the Court finds that the Committee's objection should be overruled.

■ The Committee's first argument, and the one upon which it appears to place the most reliance, is that Ameritrust's mortgage and loan documents do not grant it an interest in the proceeds of an appropriation proceeding. Instead, the granting

language speaks of rents, issues and profits. This argument, however, which focuses on security interests granted in rents and associated income from the property, ignores the interest in real property taken by the mortgagee of a leasehold interest. That real property interest, rather than the security interest in income or issue from the property, gives the mortgagee an interest in appropriation proceeds. *See, Mahoning National Bank v. City of Youngstown,* 143 Ohio St. 523, 56 N.E.2d 218 (1944). The taking by appropriation is an impairment of the value of Ameritrust's collateral and its lien, therefore, follows those proceeds. *Mahoning National Bank* at 524, 56 N.E.2d 218 (paragraph three of the syllabus). In essence, the payment for the appropriation is not a rent, issue or profit, but is a sale of part of the collateral. The fact that the sale is forced by a governmental unit under its taking power does not make it any less a sale. Accordingly, Ameritrust's rights as a mortgagee against the real property leasehold interest give it rights in the appropriation proceeding proceeds.

 The Committee's next ground for objection is that the cash collateral order gives L–K, as a Chapter 11 debtor, the right to use the appropriation proceeds. Rather than interpret that order, however, the Court believes that argument is irrelevant because, even if L–K has the right to use those proceeds (which the Court is not deciding), L–K has chosen not to use them. Nothing in the agreed cash collateral order forces the debtor to use all the cash collateral it is permitted to use. That argument cannot be sustained.

The Committee's final argument is that Ameritrust cannot claim any interest in the appropriation payment because L–K's subsequent assumption and assignment to a third party of that leasehold interest required Ameritrust to release its mortgage. That argument is incorrect, however, because Ameritrust's interest in the appropriation payment arose before these Chapter 11 cases were filed and before any assignment by L–K of its lease-

hold interest. The subsequent assignment does not erase that pre-existing interest.

Based upon the foregoing, the Committee's limited objection to the settlement of the appropriation proceeding relating to the disposition of the funds received by the bankruptcy estate is overruled. L–K may disburse the appropriation funds to Ameritrust.

IT IS SO ORDERED.